IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| DEBBORAH JEAN CHAPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: _____ |
| | ) |
| LINCOLN FINANCIAL ADVISORS | ) (removed from the Chancery Court for |
| CORPORATION d/b/a LINCOLN | ) Knox County, Tennessee, 191082-2) |
| FINANCIAL GROUP and CLAY ALLEN | ) |
| CAPPS, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Lincoln Financial Advisors Corporation d/b/a Lincoln Financial Group ("Lincoln"),[1] by and through its undersigned counsel, hereby removes this action from the Chancery Court for Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee. As addressed below, diversity jurisdiction exists in this action. *See* 28 U.S.C. § 1332. In support of removal, Lincoln states as follows:

**I.    The State Court Action.**

1.     On or about February 18, 2016, Plaintiff Debborah Jean Chapman ("Plaintiff") filed a civil action in the Chancery Court for Knox County, Tennessee styled as *Debborah Jean Chapman v. Lincoln Financial Advisors Corporation d/b/a Lincoln Financial Group and Clay Allen Capps,* Case No. 191082-2.

---

[1] Plaintiff's Complaint improperly names Lincoln Financial Advisors Corporation d/b/a Lincoln Financial Group Services Corporation. The name of the proper defendant is The Lincoln National Life Insurance Company, which is the entity that issued the Annuity.

1

2. The Chancery Court for Knox County, Tennessee, is a state court within this judicial district and division. 28 U.S.C. § 123. Copies of all pleadings, processes, and orders on file with the Chancery Court of Knox County, Tennessee are attached as Exhibit A.

3. Lincoln was served with the Summons and Complaint on February 18, 2016.

4. The allegations in Plaintiff's Complaint relate to proceeds from an annuity contract issued by Lincoln to the Plaintiff and her husband, William Chapman, on or about August 6, 2001. (Compl., ¶¶ 5-9, included in Ex. A).

5. Plaintiff's Complaint asserts the following counts: breach of contract, mutual mistake of fact, reformation, resulting or constructive trust, and negligence. (Compl., p. 3-4). Plaintiff's Complaint seeks payment of the "annuity benefits" or "damages…equal to the amount of any loss she suffers from the Annuity Contract." (*Id.* at ¶¶ 11, 19, Wherefore).

## II. Diversity Jurisdiction.

6. This action is properly removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists.

7. This action involves "citizens of different states." 28 U.S.C. § 1332(a)(1).

8. Lincoln is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in Radnor, Pennsylvania. Accordingly, Lincoln is a citizen of Indiana and Pennsylvania for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

9. Upon information and belief, Plaintiff is a citizen of Tennessee. Plaintiff pleads that she resides in the State of Tennessee. (Compl., ¶ 1, Ex. A). Plaintiff's pleading is *prima facie* evidence that the Plaintiff is a citizen of Tennessee. *See Cooper v. Newell*, 155 U.S. 532, 533 (1895) ("They are averred in the petition to be residents. Residence is prima facie evidence of citizenship"); *Fort Knox Transit v. Humphrey*, 151 F.2d 602, 602 (6th Cir. 1945) ("the plaintiff's residence in Ohio is prima facie evidence of his citizenship in that state"). In addition, Plaintiff's Complaint provides a Tennessee mailing address (Compl., ¶ 1) and attaches exhibits providing a Tennessee mailing address. (*Id.*, at Ex. A); *Hayes v. Shelby Cty. Tr.,* 971 F. Supp. 2d 717, 726-27 (W.D. Tenn. 2013) ("The complaint states [Plaintiff] 'resides in Memphis, Tennessee, Shelby County, in the Republic of Tennessee, with his principal residence in care of 4554 Tammy Cove, Memphis, and Shelby County, Tennessee 38116.' Although [Plaintiff] does not allege his citizenship, the court will treat [Plaintiff] as a citizen of Tennessee for purposes of determining jurisdiction.").

10. Upon information and belief, Defendant Clay Allen Capps ("Capps") is a citizen of North Carolina. The Complaint pleads that Capps resides in North Carolina. (*Id.*, ¶ 3). In addition, Plaintiff's Complaint provides a North Carolina mailing address for Capps (*id.*) and attaches exhibits providing that same North Carolina mailing address for Capps. (*Id.*, at Ex. B).

11. There are no other parties to this action.

12. Accordingly, complete diversity of citizenship of the parties to this action exists and removal is therefore proper under 28 U.S.C. § 1332 and § 1441(b).

**B.   The Amount in Controversy Exceeds $75,000.**

13. The amount in controversy in this action clearly exceeds the $75,000 jurisdictional threshold. 28 U.S.C. § 1332(a).

14. Plaintiff's Complaint relates to an annuity contract with a value of at least $116,915.76. (Bireley Aff., Ex. B; *see generally* Compl.). Plaintiff's Complaint expressly seeks the annuity's proceeds or "damages against Defendant LFG equal to the amount of the Annuity Contract." (Compl., ¶¶ 11, 20 & Ex. A).

15. The amount in controversy is the annuity's proceeds, which, in this case exceeds the jurisdictional threshold. *See Woodmen of the World/Omaha Woodmen Life Ins. Soc. v. Scarbro,* 129 F. App'x 194, 195 (6th Cir. 2005) ("'it is well established that the amount in controversy is measured by the value of the object of the litigation'") (quoting *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977)); *Id.* at 195-69 ("the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect"); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (considering value of disputed proceeds under insurance contract in finding the amount in controversy met);

16. Accordingly, this case satisfies the amount in controversy requirement for this Court to exercise diversity jurisdiction. 28 U.S.C. § 1332(a).

### III. Removal Procedure.

17. Removal to the United States District Court for the Eastern District of Tennessee is proper because this is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441.

18. The Northern Division is the proper division for removal pursuant to 28 U.S.C. § 123.

19. The time within which Lincoln was permitted to remove this action under 28 U.S.C. § 1446(b) has not expired. Less than thirty days have passed since Lincoln was served with the Summons and Complaint on February 23, 2016.

20. Written notice of the filing of this Notice of Removal is being promptly given to the Plaintiff, and a Notice of Filing Notice of Removal to Federal Court is being filed with the clerk of the Chancery Court of Knox County, Tennessee, as required by 28 U.S.C. §1446(d).

21. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Lincoln or on file with the Chancery Court of Knox County, Tennessee, are attached hereto as Exhibit A.

22. All properly served defendants have joined in and consent to this removal. (Ex. C.)

23. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

24. Lincoln reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Lincoln respectfully requests that this Court assume full jurisdiction over this action as if Plaintiff Debborah Jean Chapman originally commenced this action in this Court.

Respectfully submitted,

*s/Heather Howell Wright*
Heather Howell Wright (BPR No. 30649)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street
Suite 700
Nashville, TN 37203
Phone: (615) 252-2342
Fax: (615) 252-6342
Email: hwright@babc.com

*Attorney for The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

   I hereby certify that on March 18, 2016 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served upon the following by U.S. First Class Mail, postage pre-paid:

 Thomas H. Dickenson (BPR No. 006844)
 Donald J. Farinato (BPR No. 019376)
 HODGES, DAUGHTY & CARSON, PLLC
 P.O. Box 869
 Knoxville, Tennessee 37901
 (865) 292-2307
 *Attorneys for the Plaintiff*

 Clay Allen Capps
 2713 Greater Druid Hills Boulevard
 Hendersonville, North Carolina 28791

                *s/Heather Howell Wright*
                 OF COUNSEL