# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### NORTHERN DIVISION

|  |  |  |
|---|---|---|
| DEBBORAH JEAN CHAPMAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LINCOLN FINANCIAL ADVISORS | ) | |
| CORPORATION d/b/a LINCOLN | ) | |
| FINANCIAL GROUP and CLAY ALLEN | ) | |
| CAPPS, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| | ) | **CIVIL ACTION NO.:** |
| LINCOLN FINANCIAL ADVISORS | ) | **3:16-cv-00130-TAV-HBG** |
| CORPORATION d/b/a LINCOLN | ) | |
| FINANCIAL GROUP, | ) | |
| | ) | |
|     Stakeholder, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEBBORAH JEAN CHAPMAN, | ) | |
| INDIVIDUALLY AND AS THE | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| WILLIAM CHAPMAN, and CLAY | ) | |
| ALLEN CAPPS, | ) | |
| | ) | |
|     Claimants/Interpleader Defendants. | ) | |

---

## LINCOLN FINANCIAL ADVISORS CORPORATION D/B/A LINCOLN FINANCIAL GROUP'S ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM FOR INTERPLEADER, AND CROSS CLAIM FOR INTERPLEADER

**COMES NOW** Defendant Lincoln Financial Advisors Corporation d/b/a Lincoln Financial Group ("Lincoln"), by and through its undersigned counsel, and answers Plaintiff's Complaint as follows:

1

1. Lincoln is without sufficient information to admit or deny the allegations in paragraph 1 and, therefore, denies them.

2. Plaintiff's Complaint improperly names Lincoln Financial Advisors Corporation d/b/a Lincoln Financial Group Services Corporation. The name of the proper defendant is The Lincoln National Life Insurance Company, which is the entity that issued the Annuity. Subject to the foregoing, Lincoln admits the allegations of paragraph 2.

3. Lincoln is without sufficient information to admit or deny the allegations in paragraph 3 and, therefore, denies them.

4. Lincoln states that this action has been removed from Tennessee state court and that federal diversity jurisdiction is proper. Lincoln admits that this Court has jurisdiction and that venue is proper. Lincoln is without sufficient information to admit or deny the remaining allegations in paragraph 4 and, therefore, denies them.

5. Lincoln admits that it issued Annuity contract number 860808602 to joint owners, William and Debborah Chapman, on or about July 30, 2001. Lincoln states that the Annuity contract speaks for itself. Lincoln denies the remaining allegations of paragraph 5.

6. Lincoln is without sufficient information to admit or deny the allegations in paragraph 6 and, therefore, denies them. Lincoln further states that the claims file speaks for itself.

7. Lincoln admits it received a completed change of beneficiary form signed by Debborah Jean Chapman naming Clay Allen Capps as the primary and sole beneficiary of the Annuity on or about August 25, 2015. Lincoln is without sufficient information to admit or deny the remaining allegations of paragraph 7 and, therefore, denies them.

8. Upon information and belief, Lincoln admits the allegations of paragraph 8.

9.     Lincoln is without sufficient information to admit or deny the allegations of paragraph 9 and, therefore, denies them.  Lincoln further states that the claims file speaks for itself.

## COUNT I: BREACH OF CONTRACT

10.     Lincoln incorporates by reference and restates the foregoing responses as if fully set forth herein.

11.     Lincoln states that Plaintiff's breach of contract claim is due to be dismissed for failure to state a claim and incorporates by reference the arguments made in Lincoln's Motion to Dismiss.  In further response, Lincoln denies the allegations of paragraph 11.  Lincoln specifically denies that it breached the terms of the Annuity contract and denies that the Plaintiff is entitled to the relief requested or the damages sought.

## COUNT II: MUTUAL MISTAKE OF FACT

12.     Lincoln incorporates by reference and restates the foregoing responses as if fully set forth herein.

13.     Lincoln is without sufficient information to admit or deny the allegations of paragraph 13 and, therefore, denies them.

## COUNT III: REFORMATION

14.     Lincoln incorporates by reference and restates the foregoing responses as if fully set forth herein.

15.     Lincoln is without sufficient information to admit or deny the allegations of paragraph 15 and, therefore, denies them.

## COUNT IV: RESULTING OR CONSTRUCTIVE TRUST

16.     Lincoln incorporates by reference and restates the foregoing responses as if fully set forth herein.

17.     Lincoln is without sufficient information to admit or deny the allegations of paragraph 17 and, therefore, denies them.

### COUNT V: NEGLIGENCE

18.     Lincoln incorporates by reference and restates the foregoing responses as if fully set forth herein.

19.     Lincoln states that Plaintiff's negligence claim is due to be dismissed for failure to state a claim and incorporates by reference the arguments made in Lincoln's Motion to Dismiss. In further response, Lincoln denies the allegations of paragraph 19 and denies that the Plaintiff is entitled to the relief requested or damages sought.

20.     Lincoln states that Plaintiff's negligence claim is due to be dismissed for failure to state a claim and incorporates by reference the arguments made in Lincoln's Motion to Dismiss. In further response, Lincoln denies that the Plaintiff is entitled to the relief requested or damages sought.

In response to Plaintiff's "WHEREFORE" paragraph, including subparts (1) through (6), Lincoln denies that the Plaintiff is entitled to any damages or other legal or equitable relief of any kind.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Lincoln avers the affirmative defenses of Lapse, Statute of Frauds, Statute of Limitations, Parol Evidence, Economic Loss Rule, Independent Contractor, Waiver, and Estoppel.

### THIRD DEFENSE

Lincoln pleads the affirmative defenses of unclean hands.

### FOURTH DEFENSE

This action is barred because Plaintiff has not been damaged by any conduct of the Lincoln.

### FIFTH DEFENSE

Lincoln's conduct at all times material hereto was reasonable and in good faith.

### SIXTH DEFENSE

Lincoln asserts the affirmative defenses of contributory and/or comparative negligence and assumption of the risk.

### SEVENTH DEFENSE

No allegedly wrongful act or omission of the Lincoln was the cause-in-fact or the proximate cause of the damages averred in Plaintiff's Complaint.

### EIGHTH DEFENSE

Lincoln states that the damages averred in Plaintiff's Complaint may have been caused by an intervening, superseding action for which the Lincoln is in no way liable. Plaintiff therefore is not entitled to recover from the Lincoln in this action.

### NINTH DEFENSE

Lincoln denies that it was negligent or wanton or otherwise acted wrongfully in connection with the allegations in Plaintiff's Complaint.

### TENTH DEFENSE

The terms and conditions of the Annuity speak for themselves, are plain and unambiguous, and must be afforded their proper contractual language interpretation. Plaintiff is bound by the terms and conditions of the Annuity.

## ELEVENTH DEFENSE

Plaintiff's Complaint improperly names Lincoln Financial Advisors Corporation d/b/a Lincoln Financial Group Services Corporation. The name of the proper defendant is The Lincoln National Life Insurance Company ("Lincoln"), which is the entity that issued the Annuity.

## LINCOLN FINANCIAL ADVISORS CORPORATION d/b/a LINCOLN FINANCIAL GROUP's COUNTERCLAIM AND CROSS CLAIM IN INTERPLEADER

Pursuant to Federal Rule of Civil Procedure 22, Lincoln Financial Advisors Corporation d/b/a Lincoln Financial Group, under its correct name as The Lincoln National Life Insurance Company ("Lincoln"), moves to interplead the proceeds of annuity contract number 860808602 ("Annuity"). In support of interpleader, Lincoln states as follows:

### NATURE OF THE ACTION

1.      This is an interpleader action brought pursuant to Fed. R. Civ. P. 22 to determine who is lawfully entitled to certain funds to which Claimants have asserted competing claims. Because Lincoln is faced with conflicting claims regarding these funds, Lincoln may be exposed to double or multiple liability. Lincoln requests judicial determination of the conflicting claims and seeks its immediate, full, and complete discharge from any further liability to the Claimants regarding the Annuity.

### PARTIES

2.      Stakeholder Lincoln is an Indiana corporation with its principal place of business located in Radnor, Pennsylvania.

3.      Upon information and belief, Claimant Debborah Jean Chapman is a citizen of the State of Tennessee.

4.      Upon information and belief, Claimant Clay Allen Capps ("Capps") is a citizen of the State of North Carolina.

6

5.     Upon information and belief, the decedent, William Chapman, was a resident of Tennessee.  Accordingly, the Estate of William Chapman is considered a citizen of the state of Tennessee.  28 U.S.C. § 1332(c)(2).  Upon information and belief, Plaintiff/Claimant Debborah Jean Chapman is the Executor of the Estate of William Chapman.

## FACTS

6.     Lincoln issued the Annuity at issue in this lawsuit to William and Debborah Chapman on or about July 30, 2001.  (Annuity, Ex. A).

7.     The Annuity was jointly owned by Debborah and William Chapman.  (*Id*.)  William Chapman was listed as the Annuitant and Debborah Chapman was named the primary beneficiary.  (*Id*. at Application).

8.     On August 25, 2015, Debborah Chapman submitted a completed change of beneficiary form to Lincoln.  (Change of Beneficiary Request, Ex. B).  The change of beneficiary form designated Clay Allen Capps, Debborah Chapman's brother, as the sole and primary beneficiary of the Annuity.  (*Id*.).

9.     The Annuitant, William Chapman, died October 25, 2015.  Under the terms of the Annuity, upon the death of the Annuitant, the proceeds are payable to the Annuity's beneficiary, not the joint owner.  (Ex. A at § 3.11 & § 3.12).  At the time of William Chapman's death, the value of the Annuity was $116,558.94.

10.     Following William Chapman's death, Lincoln received two claim forms related to the Annuity.

11.     On December 12, 2015, the joint owner, Debborah Chapman, submitted a claim form requesting that she assume ownership of the Annuity and receive monthly payments of $1,000.00 from the Annuity.  (*See* Ex. C).

12.     On December 28, 2015, the beneficiary of record, Capps, submitted a claim form requesting a lump sum payment of the Annuity's proceeds.  (*See* Ex. D).

13.     On December 29, 2015, Lincoln received a letter from Debborah Chapman indicating that her naming Clay as the beneficiary under the Annuity had been a mistake and requesting that Lincoln "remove him from the account as any sort of beneficiary."  (*See* Ex. E).

14.     By letter dated January 7, 2016, Lincoln reached out to Debborah Chapman and Capps appealing to the Claimants to resolve the dispute amicably among themselves and without court intervention.  (*See* Ex. F).

15.     The Claimants have been unable to resolve the dispute.  On February 18, 2016, Debborah Chapman filed a lawsuit in Tennessee state court against Lincoln and Capps.  Lincoln removed the action to this Court on the basis of diversity jurisdiction.

## COUNTERCLAIM AND CROSS CLAIM FOR INTERPLEADER

16.     Lincoln incorporates the allegations contained in the above paragraphs as if fully set forth herein.

17.     Interpleading the Annuity's proceeds is necessary because there are competing claims to the funds.  (*See* Ex. C and Ex. D).

18.     Interpleader is procedurally proper because Lincoln faces competing demands from the Claimants as to the funds and, without interpleader, Lincoln will be exposed to the possibility of double liability on those funds.  Fed. R. Civ. P. 22.

19.     Lincoln is ready and willing for the Court to pay the Annuity proceeds to whichever interpleading party or parties as the Court shall designate.

20.     Lincoln is a disinterested stakeholder.  Lincoln makes no claim to the funds and acknowledges the funds are due and payable.

21.     Following interpleader of the funds, Lincoln requests to be released from any potential liability as to those funds.

22.     Lincoln has been forced to incur costs and fees to interplead the Annuity proceeds through no fault of its own and therefore requests that it be reimbursed reasonable attorney's fees incurred in interpleading the funds.

23.     Lincoln has not brought this interpleader action at the request of any of the claimants.  There is no fraud or collusion between Lincoln and any of the Claimants.  Lincoln brings this action of its own free will to avoid conflicting and multiple claims.

## PRAYER FOR RELIEF

**WHEREFORE,** Lincoln prays:

(a)     That the Court order Lincoln to pay the proceeds of Annuity contract number 860808602 to the Clerk of Court;

(b)     That the Court order the Clerk of Court to deposit the funds submitted by Lincoln into an interest-bearing account until further orders from the Court;

(c)     That the Court make such judgment as necessary to determine who is properly entitled to the Annuity's proceeds and direct the Clerk of Court to release the Annuity's proceeds in accordance with that judgment;

(d)     That the Court enjoin defendants and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Annuity's proceeds and, upon final hearing, permanently enjoin and restrain defendants and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under

9

them, from instituting or pursuing any state or federal court action for the recovery of the Annuity's proceeds, or any other action relating in any way to Lincoln's handling of this claim;

(e)     That the Court discharge Lincoln from all further liability under the Annuity;

(f)     That the Court award Lincoln costs and the reasonable attorneys' fees it incurred in this matter from the proceeds of the Annuity;

(g)     That the Court take such other steps as necessary to facilitate justice and grant such additional relief as is right and proper.

Respectfully submitted,

*s/Gary L. Howard*
Gary L. Howard (BPR No. 023167)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
Birmingham, Alabama 35203
Phone: (205) 521-8000
Fax: (205) 488-6595
Email: ghoward@babc.com

Heather Howell Wright (BPR No. 30649)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street
Suite 700
Nashville, TN 37203
Phone: (615) 252-2342
Fax: (615) 252-6342
Email: hwright@babc.com

*Attorneys for Lincoln Financial Advisors*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2016 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

Thomas H. Dickenson (BPR No. 006844)
Donald J. Farinato (BPR No. 019376)
HODGES, DAUGHTY & CARSON, PLLC
P.O. Box 869
Knoxville, Tennessee 37901
(865) 292-2307
tdickenson@hdclaw.com
dfarinato@hdclaw.com
*Attorneys for Debborah Jean Chapman*

I further certify that a copy of the foregoing was served upon the following by U.S. First Class Mail, postage pre-paid:

Clay Allen Capps
2713 Greater Druid Hills Boulevard
Hendersonville, North Carolina 28791

*s/Gary L. Howard*
OF COUNSEL

11