IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBBORAH JEAN CHAPMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-00130-TAV-HBG |
| | ) | |
| LINCOLN FINANCIAL ADVISORS | ) | |
| CORPORATION d/b/a LINCOLN FINANCIAL | ) | |
| GROUP and CLAY ALLEN CAPPS, | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM FILED BY DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

Plaintiff, Debborah Jean Chapman, by and through counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss the Counterclaim for Interpleader filed by Defendant The Lincoln National Life Insurance Company ("Lincoln"). In support of this Motion, Plaintiff states as follows:

"It is the general rule that a party seeking interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit or any of the claimants, he cannot have relief by interpleader." *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1012 (9th Cir. 2012) (quoting *Farmers Irrigation Ditch & Reservoir Co. v. Kane*, 845 F.2d 229, 232 (10th Cir. 1988) (collecting cases)). This is because "[t]he equitable doctrine of 'clean hands' applies to interpleader actions." *Lee*, 688 F.3d at 1012 (citing 44B Am. Jur. 2d Interpleader § 7). Accordingly, "[t]he party seeking interpleader must do equity, not have caused the conflicting claims, and be free from blame in causing the controversy." *Id*.

In this case, as set forth more fully in Count V of Plaintiff's Complaint and Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Lincoln's negligence created the

controversy regarding who is the proper claimant of the funds at issue. Accordingly, Lincoln is not entitled to relief by interpleading the funds at issue and paying these funds to the District Court Clerk.

Alternatively, if Lincoln is permitted to pay the funds to the District Court Clerk, Plaintiff moves the Court to order that Lincoln pay the funds to the Clerk as the payments would become due to Plaintiff under the payout option selected by Plaintiff in her claim form submitted to Lincoln after Mr. Chapman's death. *See In re Estate of Williams*, No. M2000-02434-COA-R3-CV, 2003 WL 1961805, at *24 (Tenn. Ct. App. Apr. 28, 2003) (holding that a trial court acted reasonably and responsibly in not allowing a disinterested interpleader to pay funds into court when the annuities involved had various payout options, any of which the payee could select after consideration of tax and other consequences, and a unilateral action by the interpleader to pay the amount due under only one option into the court would have removed or limited those choices). In completing the Non-Qualified Annuity Claimant's Statement, Plaintiff chose to receive $1,000 monthly and have 10% withheld to satisfy federal income taxes. (Doc. 5-3, PageID #: 137-38). However, this choice will be taken away from her if she is found to be the rightful beneficiary of the Annuity and is forced to accept one lump sum for the total amount due under the Annuity Contract, thereby exposing her to adverse tax consequences.

**WHEREFORE**, Plaintiff Debborah Jean Chapman respectfully moves this Court to dismiss the Counterclaim for Interpleader filed by Defendant The Lincoln National Life Insurance Company. Alternatively, Plaintiff moves this Court to order Defendant to pay no more than $1,000 per month to the Clerk of Courts.

Respectfully submitted this the 15th day of April, 2016.

                                              **HODGES, DOUGHTY & CARSON, PLLC**

                                              /s/ Thomas H. Dickenson
                                              **Thomas H. Dickenson (BPR No. 006844)**
                                              **Donald J. Farinato (BPR No. 019376)**
                                              *Attorneys for the Plaintiff*
                                              P.O. Box 869
                                              Knoxville TN 37901
                                              (865) 292-2307

## CERTIFICATE OF SERVICE

       I hereby certify that a true and exact copy of the foregoing Motion to Dismiss has been served upon the following individuals by placing same in the U.S. Mail, postage prepaid (USM) or electronically (ECF):

        Gary L. Howard (ECF)
        Jason A. Walters
        Bradley Arant Boult Cummings LLP
        1819 5th Avenue North
        Birmingham, AL 35203
        ghoward@babc.com
        *Attorneys for The Lincoln National Life Insurance Company*

        Heather Howell Wright (ECF)
        Bradley Arant Boult Cummings LLP
        Roundabout Plaza
        1600 Division Street, Suite 700
        Nashville, TN 37203
        hwright@babc.com
        *Attorney for The Lincoln National Life Insurance Company*

        Clay Allen Capps (USM)
        2713 Greater Druid Hills Boulevard
        Hendersonville, NC 28791

This the 15th day of April, 2016.

                                              **HODGES, DOUGHTY & CARSON**

                                              By: /s/ Thomas H. Dickenson
                                                    Thomas H. Dickenson